UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Charles Calwile, # 299166, | ) **C/A No. 6:11-2377-TMC-KFM** |
| | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| ~~State of South Carolina~~; | ) |
| ~~Judith M. Munson; *Solicitor 13ᵗʰ Circuit*~~; | ) |
| ~~Fountain Inn S.C. City Police~~; | ) |
| Robert Mauney, *Warden of Livesay Correctional Institution*, | ) |
| | ) |
| | ) |
| Respondent. | ) |

_____

## *Background of this Case*

Petitioner is an inmate at the Livesay (formerly "Northside") Correctional Institution of the South Carolina Department of Corrections.  He is serving a sentence of fifteen (15) years for first-degree burglary (Indictment No. 2002-GS-23-8887).

In an order filed in this case on September 12, 2011, the undersigned directed Petitioner to submit an Amended Petition.  Petitioner has done so.

Petitioner states that the issue in the above-captioned case is a search and seizure order that is unconstitutional, null, and void.  Petitioner raises one ground in the Amended Petition: unconstitutional search and seizure in violation of Due Process and the Fourteenth Amendment.  Petitioner alleges that the order of search and seizure is void on its face because it was issued without a sworn statement of facts.

Petitioner's exhibits (ECF No. 12-1) indicate that the Office of the Solicitor for the Thirteenth Judicial Circuit on June 12, 2002, sought a court order requiring Petitioner to appear at the Greenville County Courthouse on June 21, 2002, to have impressions of his fingerprints made and a blood sample taken. The Motion indicates that "a witness" had seen Petitioner at the scene of a house burglary on June 7, 2002. The Motion also stated that there were fingerprints and blood on broken window glass at the scene of the burglary. The Honorable John Few, then South Carolina Circuit Judge, on June 21, 2002, granted the Motion (ECF No. 12-1, at page 8). Petitioner was indicted for first-degree burglary on October 29, 2002 (ECF No. 12-1, at page 7). Petitioner's conviction was entered in the Court of General Sessions for Greenville County on January 15, 2004, pursuant to a jury's verdict.

Although Petitioner writes "N/A" in the spaces provided for answering questions on pages 3 through 7 of the Amended Petition, the Public Index for the Greenville County Clerk of Court website reveals that Petitioner filed his first application for post-conviction relief (Case No. 2004-GS-23-2736) on April 27, 2004. A federal court may take judicial notice of factual information located in postings on governmental websites in the United States. *Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, *3 n. 1 (D.S.C. May 10, 2011) (collecting cases), *adopted*, 2011 WL 2162184 (D.S.C. June 1, 2011).

The Court of Common Pleas dismissed the application on February 14, 2005. Petitioner appealed the denial of post-conviction relief. The Clerk of Court for Greenville County on August 29, 2007, docketed the remittitur from the South Carolina Court of Appeals.

2

Petitioner filed a second application for post-conviction relief (Case No. 2009-CP-23-3948) on May 8, 2009. The Court of Common Pleas denied relief on October 5, 2009. Petitioner's appeal was not successful. The Public Index indicates that the remittitur order from the Supreme Court of South Carolina was docketed by the Clerk of Court for Greenville County on May 16, 2011.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion for leave to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the section 2254 Petition is subject to summary dismissal because it is a successive petition.

With respect to his conviction, Petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picardy v. Connor*, 404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973) (exhaustion required under 28 U.S.C. § 2241). Although Petitioner appears to have exhausted his state court remedies in state court proceedings subsequent to his prior habeas corpus action, he has, in the case at bar, submitted a successive habeas corpus petition.

On September 14, 2007, Petitioner submitted a Section 2254 habeas corpus petition in *Calwile v. Dazzle*, Civil Action No. 6:07-3100-HMH-WMC, to challenge his conviction for first-degree burglary entered in the Court of General Sessions for Greenville County. On October 3, 2007, the Honorable William M. Catoe, then United States Magistrate Judge, granted Petitioner's Motion for Leave to Proceed *in forma pauperis* and directed Respondent to file an Answer or Return. Respondent filed a Return, memorandum, and motion for summary judgment on January 24, 2008.

Magistrate Judge Catoe on January 25, 2008, issued a *Roseboro* order to apprise Petitioner of dispositive motion procedure. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). Petitioner responded to the *Roseboro* order on February 25, 2008.

In a Report and Recommendation filed on May 1, 2008, Magistrate Judge Catoe recommended that Respondent's motion for summary judgment be granted. The parties were apprised of their right to file timely written and specific objections to the Report and Recommendation and of the serious consequences of a failure to do so. Petitioner filed objections on May 16, 2008.

In an order filed in Civil Action No. 6:07-3100-HMH-WMC on May 19, 2008, the Honorable Henry M. Herlong, Jr., United States District Judge, adopted the Report and Recommendation and granted summary judgment to Respondent. In his Order, Judge Herlong noted that Petitioner failed to file specific objections (ECF No. 23 in Civil Action No. 6:07-3100-HMH-WMC).

Petitioner's appeal (Fourth Circuit Docket No. 08-6978) was not successful. On October 28, 2008, the United States Court of Appeals for the Fourth Circuit dismissed

4

the appeal.  *See Calwile v. Dazzle*, No. 08-6978, 297 Fed.Appx. 261, 2008 WL 4721919 (4th Cir. Oct. 28, 2008) (*per curiam*).

Since Petitioner is in custody pursuant to the judgment of a state court, he cannot evade the procedural requirements of 28 U.S.C. § 2254 by filing an action purporting to be a § 2241 petition.  *See Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004), which is cited by the Honorable Henry F. Floyd, then United States District Judge, in *Rochester v. Reynolds*, Civil Action No, 8:10-1879-HFF-BHH, 2010 WL 3786193 (D.S.C. Sept. 21, 2010), *appeal dismissed*, No. 10-7712, 412 Fed.Appx. 571, 2011 WL 64126 (4th Cir. Feb. 23, 2011).

The standard for determining whether a petition is successive appears in *Slack v. McDonnell*, 529 U.S. 473, 485-89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits).  *See also Tyler v. Cain*, 533 U.S. 656 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA).  Since Civil Action No. 6:07-3100-HMH-WMC was decided by summary judgment, the Amended Petition, though styled as a Section 2241 Petition, in the above-captioned case is successive.

This court may take judicial notice of Civil Action No. 6:07-3100-HMH-WMC. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); and *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

5

When a petitioner has previously litigated a § 2554 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4)."

There is no indication in the present petition that Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file a petition challenging his conviction. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.").

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a post-conviction petition is issued. *See* Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Since the Amended Petitioner is seeking relief available only under 28 U.S.C. § 2254, this District Court should deny a certificate of appealability.

6

### *Recommendation*

Accordingly, it is recommended that the Amended Petition be dismissed without prejudice and without requiring Respondent to file an Answer or return.  See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  It is also recommended that the District Court deny a Certificate of Appealability.  Petitioner's attention is directed to the important notice on the next page.


October 25, 2011                          s/ Kevin F. McDonald
Greenville, South Carolina          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

        Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

        Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

        **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).