IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| James Charles Calwile, | ) | |
| | ) | C/A No. 6:11-2377-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Robert Mauney, Warden of Livesay Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding *pro se*, filed an Amended Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 4, 2011. (Dkt. # 12).[1] Petitioner is in inmate at the Livesay (formerly "Northside") Correctional Institution of the South Carolina Department of Corrections. He is serving a sentence of fifteen (15) years for first-degree burglary (Indictment No. 2002-GS-23-8887).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. On October 25, 2011, Magistrate Judge Kevin F. McDonald issued a Report and Recommendation ("Report") recommending that the Amended Petition be dismissed without prejudice and without requiring Respondent to file an Answer or return. The Report also recommended that the District Court deny a Certificate of Appealability. (Dkt. # 17). The Magistrate

---

[1] In an Order issued by Magistrate Judge Kevin F. McDonald on September 12, 2011, the Petitioner was ordered to bring this case into "proper form" and directed the Clerk of Court to add Robert Mauney, Warden of the Livesay Correctional Institution, as a Respondent. (Dkt. # 7). Petitioner has done so. Additionally, named Respondents, State of South Carolina, Judith M. Munson, "Solicitor 13th Circuit", and Fountain Inn S.C. City Police, were

Judge provided Petitioner a notice advising him of his right to file objections to the Report. (Dkt. # 17 at 8). Petitioner filed objections to the Magistrate Judge's Report on November 14, 2011 (Dkt. # 21).

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

As noted by the Magistrate Judge, the Amended Petition seeks relief available

---

terminated as parties to this case.

only under 28 U.S.C. § 2254; therefore, the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 regarding successive § 2254 Petitions apply in this case.

The Magistrate Judge recommended that the Amended Petition be dismissed without prejudice and without requiring Respondent to file an Answer or return.  See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts:  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Petitioner's objections are without merit. Accordingly, the court adopts the Report and incorporates it herein.  It is therefore **ORDERED** that the Amended Petition is **DISMISSED** without prejudice and without requiring Respondent to file an Answer or return.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

                                                               s/Timothy M. Cain
                                                               United States District Judge

January 11, 2012
Greenville, South Carolina